

1  Daniel Delacruz, Sr.
   In Pro Per Plaintiff
2  PO Box 1425
3  Salinas, Ca. 93902
   Telephone: (831) 754-1037
4  Danieldlc@aol.com

5

6

7

8        **UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT**

9                **OF CALIFORNIA SAN JOSE DIVISION**

10 Daniel Delacruz, Sr., an individual;          Case No. — **CV 16 – 06858 HRL**

11          Plaintiff,                    )  **COMPLAINT FOR DAMAGES**
                                          )     1. Fraud (IN CONNECTION WITH
12       v.                               )     COMPUTERS) [18 U.S.C. §1030 et seq.
                                          )     a.k.a. Computer Fraud and Abuse Act];
13 **The State Bar of California**, a California )  2. Violation of California Public Records
   public entity; **Thomas Mills,** in his official and )  Act [California Government Code § 6250
14 individual capacity; **Robin B. Brune,** in her )  et seq. & Article I, § 3 of the California
15 official and individual capacity; **Heather E.** )  Constitution];
   **Abelson,** in her official and individual )  3. Unauthorized Access To Computers
16 capacity; **Mark Torres-Gil,** in his official and )  (PROPERTY CRIME) Ca. Penal Code
17 individual capacity; and **Tony Tse,** in his )  §502.
   official and individual capacity;      )
18          Defendants,                   )  DEMAND FOR JURY TRIAL
19 DOES 1 through 64, inclusive,          )
                                          )
20                                        )
21                                        )
22                                        )
23                                        )
24                                        )
25                                        )
26                                        )
27                                        )
28 _____)

   Complaint For Damages                              Case No.
                               Page 1

**PRELIMINARY STATEMENT**

1. This is an action for damages sustained by Daniel Delacruz, Sr., a Latino and United States citizen against:

a.     The State Bar of California as the employer, principal, and successor in interest for the personnel, employee defendants, volunteers, and licensed attorneys named and involved in the misconduct underlying this Complaint;

b.     Thomas Mills, Robin B. Brune, Heather E. Abelson, Mark Torres-Gil, and Tony Tse as individuals who unlawfully discriminated and retaliated against Plaintiff and are responsible for their unlawful conduct and failure to: (i) take corrective action with respect to their personnel, employees, volunteers, investigators, attorneys, and agents whose unlawful propensities were notorious; (ii) assure proper training and supervision of their personnel; or (iii) implement meaningful procedures to discourage unlawful conduct, are sued under the Equal Protection Clause of 42 U.S.C. §1981 of Title VII of the Civil Rights Act of 1964, 18 U.S.C. §1030 a.k.a. Computer Fraud and Abuse Act ("CFAA"), and California Penal Code Section 502(c).

**FEDERAL JURISDICTION AND VENUE**

2. This action is brought under 42 U.S.C. §§1981, 1983, 1985(3), 1986, and 1988 of Title VII of the Civil Rights Act of 1964, the First and Fourteenth Amendments to the United States Constitution as well as pendent state claims for this Court's jurisdiction under 28 U.S.C. §1367.

3. The jurisdiction of this Court is predicated on 28 U.S.C. §§1331, 1343, 1345 and 1367.

4. The proper venue for this case is in the San Jose Division of the Northern District of California because a substantial part of the acts, omissions, violations, events, and conduct alleged herein which gave rise to this claim occurred in the county of Monterey.

**PARTIES**

5. Plaintiff Daniel Delacruz, Sr. (hereinafter "Plaintiff"), at all times relevant to the allegations herein, is a Latino, a resident of the State of California and a United States citizen.

6. The State Bar of California Committee of Bar Examiners, the State Bar of California Office of Chief Trial Counsel, and the State Bar Court of California are all California public

Complaint For Damages                           Case No.

entities within the same California public entity of the Defendant State Bar of California, and at all times relevant hereto, employed or appointed the following personnel, employees, volunteers, investigators, attorneys, and agents: Thomas Mills, Robin B. Brune, Heather E. Abelson, Mark Torres-Gil, and Tony Tse (hereinafter all defendants collectively "State Bar Defendants"), all residents of the State of California and named in their individual and official capacities.

7. The State Bar Defendants, at all times relevant hereto, were personnel, employees, volunteers, investigators, attorneys, or agents of the State Bar of California who unlawfully discriminated and retaliated against Plaintiff and responsible for their unlawful conduct and failure to take corrective action with respect to their own conduct, are sued under the Equal Protection clause of 42 U.S.C. §1981 of Title VII of the Civil Rights Act of 1964, 18 U.S.C. §1030 a.k.a. Computer Fraud and Abuse Act, and California Penal Code Section 502(c), all residents of the State of California, who are named in their individual and official capacities.

8. Plaintiff is informed and believes and hereon alleges that, at all relevant times mentioned herein, all of the Defendants named herein and each of them, were the agents of the Defendant State Bar of California, and each was acting within the purpose and scope of said agency.

9. Plaintiff is informed and believes and hereon alleges that, at all relevant times mentioned herein, all Defendants pursued a common course of conduct, acted in concert with, conspired with each other, and aided and abetted one another to accomplish the wrongs alleged herein.

10. The use of the term "Defendant(s)" and in any of the allegations in this Complaint, unless otherwise specifically set forth, is intended to include and charge both jointly and severally, not only the named Defendants, but all Defendants designated as "State Bar" as well.

11. Plaintiff is informed and believes and hereon alleges that, at all relevant times mentioned herein, all of the Defendants were agents, servants, employees, alter egos, superiors, successors-in-interest, joint venturers, and/or co-conspirators of each of the co-Defendants and in doing the acts herein alleged, or acting within the course and scope of their authority of such agents, servants, employees, alter egos, superiors, successors-in-interest, joint venturers, and/or co-conspirators with the permission and consent of co-Defendants and, consequently, each Defendant named herein, and those Defendants named herein, inclusive, are jointly and severally

Complaint For Damages                              Case No.

1   liable to Plaintiff for the damages and harm sustained as a result of their wrongful acts.

2   12. Defendants, and each of them, aided and abetted, encouraged, and rendered substantial

3   assistance to the other Defendants in breaching their obligations to Plaintiff, as alleged herein. In

4   taking action, as alleged herein, to aid and abet and substantially assist the commissions of these

5   wrongful acts and other wrongdoings complained of, each of the Defendants acted with an

6   awareness of its primary wrongdoing and realized that its conduct would substantially assist the

7   accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

8   13. Defendants, and each of them, knowingly and willfully conspired, engaged in a common

9   enterprise, and engaged in a common course of conduct to accomplish the wrongs complained of

10   herein. The purpose and effect of the conspiracy, common enterprise, and common course of

11   conduct complained of was to benefit each Defendant named herein in denying Plaintiff a license

12   to practice law from the State Bar by engaging in tortious conduct at the expense of Plaintiff's

13   rights specified herein. Defendants accomplished their common enterprise, conspiracy, and

14   common course of conduct by misrepresenting and concealing material information, and by

15   taking steps and making statements in furtherance of their wrongdoings complained of herein.

16   14. Each Defendant was a direct, necessary and substantial participant in the conspiracy,

17   common enterprise, and common course of conduct complained of herein, and were aware of

18   their overall contribution to and furtherance thereof. Defendants' wrongful acts include, inter

19   alia, all of the acts that each of them are alleged to have committed in furtherance of their

20   wrongful conduct complained of herein.

21   15. Any applicable statutes of limitations have been tolled by the Defendants' continuing,

22   knowing, and active concealment of the facts alleged herein. Despite exercising reasonable

23   diligence, Plaintiff could not have discovered, did not discover, and was prevented from

24   discovering numerous wrongdoings complained of herein. Plaintiff will amend his complaint

25   upon discovery of the true extent of the Defendants' wrongdoings.

26   16. In the alternative, Defendants should be estopped from relying on any statutes of

27   limitations because all of the Defendants owed Plaintiff an affirmative duty of full and fair

28   disclosure, but all of the Defendants and third parties that the Defendants induced to violate

Complaint For Damages                                  Case No.

1  Plaintiff's rights, alleged herein, knowingly failed to honor and discharge such duty.

2      17. Specifically, from around June 29, 2015 through around February 22, 2016, pursuant to

3  California Government Code Section 6250 et seq. a.k.a. California Public Records Act, Plaintiff

4  requested from the State Bar all questionnaires, documents, and email communications regarding

5  Plaintiff that were submitted to the State Bar. However, the State Bar has refused to comply with

6  Plaintiff's foregoing requests.

7                  **GENERAL FACTUAL ALLEGATIONS**

8      18. As a Latino, Plaintiff is a protected class member of minorities pursuant to the Equal

9  Protection Clause of 42 U.S.C. §1981 of Title VII of the Civil Rights Act of 1964, which

10  protects Plaintiff's right to make, modify, and enforce contracts, to sue, be parties, give evidence.

11  Defendants violated Plaintiff's equal protection rights by disseminating to the State Bar that

12  Plaintiff's law license should be denied because of Plaintiff's protected conduct alleged herein.

13      19. The State Bar Defendants denied Plaintiff a license to practice law in which Plaintiff

14  sought equitable relief with the United States Supreme Court which became final on or about

15  March 07, 2016 when the United States Supreme Court denied Plaintiff's writ of certiorari.

16      20. The State Bar of California and its personnel, employees, volunteers, investigators,

17  attorneys, and agents, acted in concert with each other to deny Plaintiff a law license by any

18  means necessary including violating 18 U.S.C. §1030 a.k.a. Computer Fraud and Abuse Act.

19      21. The State Bar Defendants waived all claims, rights, and demands including but not

20  limited to government tort claim requirements, moral turpitude claims, Eleventh Amendment

21  Immunity, absolute litigation privilege, Judicial Immunity, Anti-SLAPP statute, Rooker-Feldman

22  Doctrine, and Noerr-Pennington doctrine pursuant to the terms of use of Plaintiff's website and

23  was required to be agreed to *prior* to entering and viewing Plaintiff's website, which stated:

24  "Legal disclaimer, please read and understand fully before entering. The contents of this website

25  are not intended to embarrass, harass, annoy or humiliate anyone. This website is dedicated to

26  providing the public with information and obtaining information regarding substantive issues of

27  public interest and social significance. This website depicts the Webmaster's and associates'

28  personal and subjective viewpoints on their religious beliefs and opinions. If you feel that you

Complaint For Damages                       Case No.

will be offended by the Webmaster's and associates' religious beliefs and opinions, then please do not enter this website. By entering this website, you are agreeing to the following terms and conditions. You must be over the age of 18. You must agree that all of the content is the opinion and religious beliefs of the Webmaster's and associates' only. You must agree to recognize the Webmaster's Constitutional Right to Freedom of Religion, Freedom of Speech, Right to Associate, and rights under the Americans with Disabilities Act. You must not take anything personally, as it is not intended to upset anyone. No part of this page or site may be reproduced or transmitted in any form or by any means, electronic or mechanical, including but not limited to photocopying, recording, or information storage and retrieval systems, without the express written permission from the Webmaster. By entering and/or viewing, or inquiring on any part of this website, you are agreeing to the terms and conditions mentioned above and do release the Webmaster and associates from any and every claim, right, demand, or cause of action of whatsoever kind or nature." The State Bar Defendants acknowledged the foregoing and pressed the website's cancel button instead of proceeding to the website's main contents. (Exhibit A).

22. Plaintiff then revised his website's terms of use to read, "Legal disclaimer, please read and understand fully before entering. The contents of this website are not intended to embarrass, harass, annoy or humiliate anyone. This website is dedicated to providing the public with information and obtaining information regarding substantive issues of public interest and social significance. This website depicts the Webmaster's and associates' personal and subjective viewpoints on their religious beliefs and opinions. If you feel that you will be offended by the Webmaster's and associates' religious beliefs and opinions, then please do not enter this website. By entering this website, you are agreeing to the following terms and conditions. You must be over the age of 18. You must agree that all of the content is the opinion and religious beliefs of the Webmaster's and associates' only. You must agree to recognize the Webmaster's Constitutional Right to Freedom of Religion, Freedom of Speech, Right to Associate, and rights under the Americans with Disabilities Act. You must not take anything personally, as it is not intended to upset anyone. No part of this page or site may be reproduced or transmitted in any form or by any means, electronic or mechanical, including but not limited to photocopying,

Complaint For Damages                                    Case No.

recording, or information storage and retrieval systems, without the express written permission from the Webmaster. By entering and/or viewing, or inquiring on any part of this website, you are agreeing to the terms and conditions mentioned above and do release the Webmaster and associates from any and every claim, right, demand, defense, or cause of action of whatsoever kind or nature, and any other state, federal or local laws or regulations of any kind, whether administrative, regulatory, statutory, or decisional, including Moral Turpitude claims. You further agree to subject yourself to the jurisdiction of the State of California should any dispute arise between yourself and the webmaster and/or associates of this website and agree to waive any and all defenses of any kind whatsoever, whether federal, state, or local laws including but not limited to the Eleventh Amendment Immunity, absolute litigation privilege, Judicial Immunity, Anti-SLAPP statute, Rooker-Feldman Doctrine, and Noerr-Pennington doctrine."

23. Despite the website's foregoing terms of use, out of an abundance of caution, Plaintiff timely filed a government tort claim with the State Bar Defendants. (Exhibit B).

### SPECIFIC FACTUAL ALLEGATIONS AGAINST ALL DEFENDANTS

24. Around July of 2014 through around April of 2015, the State Bar Defendants unlawfully accessed, copied, printed, and disseminated Plaintiff's website in violation of the terms of use, which was clearly stated in relevant part of every web page of the website, "No part of this page or site may be reproduced or transmitted in any form or by any means, electronic or mechanical, including but not limited to photocopying, recording, or information storage and retrieval systems, without the express written permission from the Webmaster. Violators will be subject to liability pursuant to 18 U.S.C. Section 1030 and/or California Penal Code Section 502."

25. However, the State Bar Defendants unlawfully, accessed, copied, printed, and disseminated contents of Plaintiff's website which the State Bar Defendants used to deny Plaintiff a license to practice law based in relevant part on the contents of Plaintiff's website.

### SPECIFIC FACTUAL ALLEGATIONS AGAINST THE STATE BAR OF CALIFORNIA

26. Around March 8, 2012 through April 19, 2012, Plaintiff made three good faith and reasonable attempts to informally resolve with Defendant State Bar of California to produce all required discovery documents related to Plaintiff's State Bar moral character proceedings case

Complaint For Damages                                    Case No.

No. 11-M-17871-LMA. Around April 19, 2012, the Defendant State Bar of California responded by email falsely stating, "You have all statements of witnesses we intent (sic) to call."

27. Around April 23, 2012, Plaintiff filed a motion to compel discovery with the State Bar Court against the Defendant State Bar of California for refusing to comply with Plaintiff's discovery requests.

28. Around April 26, 2012, the Defendant State Bar of California filed with the State Bar Court their opposition to Plaintiff's discovery motion and claimed that Plaintiff's motion was "untimely", that documents Plaintiff requested were "not in its possession, if they exist at all" or that Plaintiff was "in possession of all discovery due him". The State Bar Court denied Plaintiff's motion and Plaintiff was unable to adequately defend himself during his moral character determination trial and was subsequently denied a license to practice law.

29. Around June 29, 2015, pursuant to California Government Code Section 6250 et seq. a.k.a. California Public Records Act ("CPRA"), Plaintiff formally requested from the Defendant State Bar of California all questionnaires, documents, and email communications that several persons submitted to the State Bar of California regarding Plaintiff. (Exhibit C). However, the Defendant State Bar of California refused to comply with Plaintiff's CPRA request.

30. Around September 30, 2015, Plaintiff made another reasonable inquiry to obtain questionnaires regarding Plaintiff, and State Bar documents Bates stamped #920-#964, #970-#979, and #2541-#2542 from the Defendant State Bar of California. (Exhibit D). However, the Defendant State Bar of California did not comply.

31. Around February 22, 2016, pursuant to the CPRA, Plaintiff again requested the foregoing Documents from the Defendant State Bar of California. (Exhibit E). However, the Defendant State Bar of California refused to comply with Plaintiff's CPRA request.

## THE CALIFORNIA PUBLIC RECORDS ACT

32. Under the CPRA, all records that are prepared, owned, used, or retained by any public agency, and that are not subject to the CPRA's statutory exemptions to disclosure must be made publicly available for inspection and copying upon request. Gov't Code § 6253.

33. In enacting the CPRA the legislature recognized that a requester, having no access to

Complaint For Damages                                          Case No.

1   agency files, may be unable to precisely identify the documents sought. Thus, writings may be

2   described by their content. The agency must then determine whether it has such writings under

3   its control and the applicability of any exemption. An agency is thus obliged to search for

4   records based on criteria set forth in the search request. *California First Amendment Coalition v.*

5   *Superior Court*, 67 Cal. App. 4th 159, 165-66 (1998); see Gov't Code § 6253(b).

6       34. The CPRA also requires the government to "assist the member of the public make a

7   focused and effective request that reasonably describes an identifiable record or records" by

8   taking steps to assist the member of the public to identify records and information that are

9   responsive to the request or to the purpose of the request, if stated. *Id.* § 6253.1(a). An agency

10  that receives a request must also "[p]rovide suggestions for overcoming any practical basis for

11  denying access to the records or information sought." *Id.*

12      35. Whenever it is made to appear by verified petition to the superior court of the county

13  where the records or some part thereof are situated that certain public records are being

14  improperly withheld from a member of the public, the court shall order the officer or person

15  charged with withholding the records to disclose the public record or show cause why he or she

16  should not do so. The court shall decide the case after examining the record in camera (if

17  permitted by the Evidence Code), papers filed by the parties and any oral argument and

18  additional evidence as the court may allow. *Id.* § 6259(a).

19      36. If the Court finds that the failure to disclose is not justified, it shall order the public

20  official to make the record public. *Id.* § 6259(b).

21      37. To ensure that access to the public's information is not delayed or obstructed, the CPRA

22  requires that "[t]he times for responsive pleadings and for hearings in these proceedings shall be

23  set by the judge of the court with the object of securing a decision as to these matters at the

24  earliest possible time." Gov't Code § 6258.

25      38. The California Constitution provides an additional, independent right of access to

26  government records: "The people have the right of access to information concerning the conduct

27  of the people's business, and, therefore, the meetings of public bodies and the writings of public

28  officials and agencies shall be open to public scrutiny." Cal. Const., Art. 1 § 3(b)(1). This

Complaint For Damages                       Case No.

provision was adopted by the voters in 2004 because, as the ballot argument supporting the measure put it, when Californians asked questions of their government they increasingly found out "that answers are hard to get." The constitutional provision is intended to reverse that trend.

## FEDERAL CAUSES OF ACTION

### First Cause Of Action

### Fraud (IN CONNECTION WITH COMPUTERS) *18 U.S.C. 1030 et seq.*

### (Plaintiff v. All Defendants)

39. The allegations set forth in paragraphs 1 through 38 are incorporated herein by reference as if set forth verbatim.

40. As alleged herein, from around April 2013 through around April 2015, the State Bar Defendants violated 18 U.S.C. 1030 et seq. a.k.a. CFAA because the State Bar Defendants unlawfully copied, printed, and disseminated the contents of Plaintiff's website located at the web addresses of "http://danieldlc.com/state_bar/survey/" and "http://danieldlc.com/state_bar/".

#### "Intentionally Accessed"

41. The CFAA's first element of "intentionally accessed" is met because the State Bar Defendants intentionally visited, viewed, copied, printed, and disseminated contents of Plaintiff's website using their own personal computers and internet accessible cellular phones from cities in California including Sacramento, Lafayette, and Oakland. The State Bar Defendants also visited, viewed, copied, printed, and disseminated contents of Plaintiff's website using computers owned by the State Bar in their offices located in San Francisco, California and Los Angeles, California.

42. Furthermore, the viewing of Plaintiff's website could only be achieved by agreeing to the terms of the foregoing legal disclaimer. Specifically, the website's legal disclaimer had to be agreed to by all visitors in order to proceed to the website's contents. If visitors did not agree to the legal disclaimer, a cancel button would direct visitors away from Plaintiff's website and instead direct visitors to the Electronic Frontier Foundation's website at eff.org, which is by their own words "the leading nonprofit organization defending civil liberties in the digital world."

#### "Without Authorization"

43. The CFAA's second element of "without authorization" is met because Plaintiff's

Complaint For Damages                                          Case No.

website contained a legal disclaimer that specifically stated in relevant part, "No part of this page or site may be reproduced or transmitted in any form or by any means, electronic or mechanical, including but not limited to photocopying, recording, or information storage and retrieval systems, without the express written permission from the Webmaster."

44. Furthermore, Plaintiff's website also stated in relevant part, "Please note, if you feel that there are inaccuracies contained in this website, then please contact me as soon as possible and I will make a good faith effort in resolving any issues you may have" and "send us your comments" along with the email address of StateBarScandal@aol.com for anyone including the State Bar Defendants to contact Plaintiff regarding the website's content. However, the State Bar Defendants never contacted Plaintiff to protest any of the website's content nor to attempt to obtain Plaintiff's authorization to copy, print, or disseminate contents of his website.

45. The State Bar Defendants also *falsely* informed America Online and T35 Hosting that Plaintiff had granted the State Bar Defendants permission to obtain Plaintiff's information and contents from the email account address of StateBarScandal@aol.com and web address of http://danieldlc.com, respectively. The State Bar Defendants' foregoing false pretenses was unsuccessful with America Online. However, the State Bar Defendants' foregoing false pretenses was successful with T35 Hosting which allowed the State Bar Defendants to unlawfully access, copy, print, and disseminate the contents of Plaintiff's website.

### "Obtained Information"

46. The CFAA's third element of "obtained information" is met because Plaintiff's website contained security measures that deactivated a visitor's ability to print out any of the website's contents which the State Bar Defendants intentionally circumvented by obtaining screenshots of Plaintiff's website and pasting them into digital documents including Portable Document Format. The State Bar Defendants then unlawfully stored the contents of Plaintiff's website on the State Bar's computers and unlawfully emailed and printed the website's contents, which the State Bar Defendants used to deny Plaintiff a law license. This was in direct violation of the website's legal disclaimer and *without* Plaintiff's expressed written consent.

///

Complaint For Damages                                    Case No.

**"Interstate Communication"**

47. The CFAA's fourth element of "interstate communication" is met because the T35 Hosting servers are located in the state of New Jersey for which the State Bar Defendants visited, viewed, and copied Plaintiff's website from within the state of California using the internet's interstate communications infrastructure including fiber optics.

48. The State Bar Defendants also contacted Plaintiff's web hosting service provider and its affiliates and falsely claimed that Plaintiff's website violated the web hosting service provider's Terms of Service and Rules by claiming in relevant part that Plaintiff's website contained "highly abusive, hateful, threatening and possibly defamatory material" and that Plaintiff "is clearly and deliberately targeting and threatening State Bar officials, employees and volunteers." However, the web hosting service provider properly and rightfully disagreed with the State Bar Defendants' false pretenses and left Plaintiff's website intact and remained published online.

**"Loss In Excess Of $5000"**

49. The CFAA's fifth element of "loss in excess of $5000" is met because in direct violation of the legal disclaimer contained in Plaintiff's website, which read in relevant part, "By entering and/or viewing, or inquiring on any part of this website, you are agreeing to the terms and conditions mentioned above and do release the Webmaster and associates from any … Moral Turpitude claims."

50. As a result, Plaintiff sustained a loss exceeding $300,000 during one year as a result of the State Bar Defendants' unlawful access, copying, printing, and dissemination of Plaintiff's website which the State Bar Defendants used to deny Plaintiff a law license based in relevant part on alleged acts of moral turpitude allegedly committed by Plaintiff's publication of his foregoing website. Plaintiff's damages became ascertainable around March 07, 2016 when the United States Supreme Court denied Plaintiff's writ of certiorari as a result of Plaintiff's law license being denied which has resulted in damages over the past two years exceeding $600,000.

51. WHEREFORE, Plaintiff prays for relief as requested below.

///

///

Complaint For Damages                                        Case No.

**PENDENT STATE CAUSES OF ACTIONS**

**<u>Second Cause Of Action</u>**

**Violation of Government Code § 6250 et seq. a.k.a. CPRA &**

**Article I, § 3 of the California Constitution**

**(Plaintiff v. Defendant State Bar of California)**

52. The allegations set forth in paragraphs 1 through 51 are incorporated herein by reference as if set forth verbatim.

53. The Defendant State Bar of California's repeated refusal to release the Documents and inadequate search for records and Documents, as evidenced by the consistent refusal to release the Documents, violate the CPRA and Article I, § 3 of the California Constitution.

54. WHEREFORE, Plaintiff prays for relief as requested below.

**<u>Third Cause Of Action</u>**

**UNAUTHORIZED ACCESS TO COMPUTERS (Property Crime) *Ca. Penal Code §502***

**(Plaintiff v. All Defendants)**

55. The allegations set forth in paragraphs 1 through 54 are incorporated herein by reference as if set forth verbatim.

56. Relief under Penal Code section 502(c) is met pursuant to the following elements:

**"Without Permission"**

57. "Without Permission" is met because the State Bar Defendants Plaintiff's website contained a legal disclaimer that specifically stated in relevant part, "No part of this page or site may be reproduced or transmitted in any form or by any means, electronic or mechanical, including but not limited to photocopying, recording, or information storage and retrieval systems, without the express written permission from the Webmaster."

58. Furthermore, Plaintiff's website also stated in relevant part, "Please note, if you feel that there are inaccuracies contained in this website, then please contact me as soon as possible and I will make a good faith effort in resolving any issues you may have" and "send us your comments" along with the email address of StateBarScandal@aol.com for anyone including the State Bar Defendants to contact Plaintiff regarding the website's content. However, the State Bar

Complaint For Damages                                                    Case No.

1  Defendants never contacted Plaintiff to protest any of the website's content nor to attempt to

2  obtain Plaintiff's authorization to copy, print, or disseminate contents of his website.

3      59. The State Bar Defendants also *falsely* informed America Online and T35 Hosting that

4  Plaintiff had granted the State Bar Defendants permission to obtain Plaintiff's information and

5  contents from the email account address of StateBarScandal@aol.com and web address of

6  http://danieldlc.com, respectively. The State Bar Defendants' foregoing false pretenses was

7  unsuccessful with America Online but was successful with T35 Hosting which allowed the State

8  Bar Defendants to unlawfully access, copy, print, and disseminate contents of Plaintiff's website.

9  <center>**"Knowingly Accessed"**</center>

10      60. "Knowingly Accessed" is met because the State Bar Defendants "knowingly accessed"

11  Plaintiff's computer network. Specifically, because Plaintiff's website contained security

12  measures that deactivated a visitor's ability to print out any of the website's contents which the

13  State Bar Defendants intentionally circumvented by obtaining screenshots of Plaintiff's website

14  and pasting them into digital documents including Portable Document Format. The State Bar

15  Defendants then unlawfully stored the contents of Plaintiff's website on the State Bar's

16  computers and unlawfully emailed and printed the website's contents, which the State Bar

17  Defendants used to deny Plaintiff a law license. This was in direct violation of the website's

18  legal disclaimer and *without* Plaintiff's expressed written consent.

19  <center>**"Used Data In Order To Deceive"**</center>

20      61. "Used Data In Order To Deceive" is met because Plaintiff's website stated in relevant

21  part, "Please note, if you feel that there are inaccuracies contained in this website, then please

22  contact me as soon as possible and I will make a good faith effort in resolving any issues you

23  may have", "send us your comments" along with the email address of StateBarScandal@aol.com

24  for anyone including the State Bar Defendants to contact Plaintiff regarding the website's

25  content. However, the State Bar Defendants never contacted Plaintiff to protest any of the

26  website's content nor attempt to obtain Plaintiff's authorization to copy, print, or disseminate

27  the contents of Plaintiff's website.

28      62. The State Bar Defendants also deceived the State Bar Court into denying Plaintiff a law

Complaint For Damages                 Case No.

<center>Page 14</center>

1   license by claiming that Plaintiff had granted the State Bar Defendants permission to obtain

2   Plaintiff's non-public information including the method of payment for the T35 Hosting services

3   and the data and contents from Plaintiff's computer network from the web address of

4   http://danieldlc.com. The State Bar Defendants' foregoing deception allowed them to unlawfully

5   access, copy, print, and disseminate by email and the United States Postal Service the contents of

6   Plaintiff's website and non-public information in order to deny Plaintiff a law license.

7        63. WHEREFORE, Plaintiff prays for relief as requested below.

8                               **PRAYER FOR RELIEF**

9        64. WHEREFORE, Plaintiff hereby demands the following relief against all of the

10   defendants, individually and jointly and severally:

11        a.   Actual damages suffered in an amount to be determined by the evidence presented at

12             trial or summary adjudication, but in no event less than the jurisdictional minimum of

13             this Court and/or treble damages and/or at least the $4,000 minimum for each

14             violation as established in California Civil Codes §52 and §52.1;

15        b.   Consequential damages, including but not limited to statutory penalties under

16             California Civil Code §52 pursuant to §52.1 in the amount of twenty-five thousand

17             dollars ($25,000.00) for each violation of Plaintiff's federal and California

18             constitutional and statutory rights;

19        c.   Compensatory and punitive damages pursuant to 42 U.S.C. §1981a(b) of Title VII of

20             the Civil Rights Act of 1964;

21        d.   Injunctive relief of a court restraining order pursuant to California Civil Code

22             §52.1(b);

23        e.   Other damages pursuant to all other relevant statutes.

24                            **DEMAND FOR JURY TRIAL**

25        Plaintiff hereby demands a jury trial of this action.

26

27   Dated this 28 day of November of 2016            Daniel Delacruz, Sr. In Pro Per

28

Complaint For Damages                                Case No.

**EXHIBIT A**

**Subj:** **FW: Delacruz - Issues Related to the applicant's website**
**Date:** 1/21/2015 3:10:05 P.M. Pacific Standard Time
**From:** Robin.Brune@calbar.ca.gov
**To:** Rachel.Grunberg@calbar.ca.gov
**CC:** Thomas.Mills@calbar.ca.gov, Heather.Abelson@calbar.ca.gov, DanielDLC@aol.com, Robin.Brune@calbar.ca.gov, David.Sermos@calbar.ca.gov

Rachel, here is a follow up to our conversation at the Moral Character Committee.
I hope this answers your questions-our investigator got the information right out of the moral character committee report on continued misconduct. So I think it is the same web page you had originally, not something different.   This is relevant to our investigation of what he has done since his last adverse decision.

With your consent:
1.  Can you forward to your IT person and see what we can get, if anything, without agreeing to his disclaimer? ( Per your comments today, I understand you wanted us to go through you).
2.  Can we get some OGC input on whether the disclaimer binds us? ( I have cc'd Dani Lee, who I called earlier today and left a message)
3.  Do we have your approval to seek out the folks who  the applicant contacted, to take the survey, and whether they viewed it, etc. I realize this might be a sensitive matter so want the Committee's ok to the approach, I think you gave Heather a few names, but if you have a general list that would be appreciated.
Thank you.

—
Robin Brune | Senior Trial Counsel
Office of the Chief Trial Counsel
The State Bar of California | 180 Howard St. | San Francisco, CA 94105
415.538.2218| 415.538.2284 (fax) | Robin.Brune@calbar.ca.gov

*This message may contain confidential information that may also be privileged. Unless you are the intended recipient or are authorized to receive information for the intended recipient, you may not use, copy, or disclose the message in whole or in part. If you have received this message in error, please advise the sender by reply e-mail and delete all copies of the message. Thank you.*

**From:** Mills, Thomas
**Sent:** Wednesday, January 21, 2015 3:01 PM
**To:** Brune, Robin; Abelson, Heather; Grunberg, Rachel
**Subject:** FW: Delacruz - Found his Website - Your Input Needed

Robin, Rachel & Heather,

Pursuant to our discussion, I'm forwarding the email I sent earlier with the link to the web page at danieldlc.com (see below).  I found this address in the Committee's Moral Character Report, dated August 18, 2014 (at our bates # 008) under the subtitle "CONTINUED MISCONDUCT".   The report indicates, in pertinent part :

> *"On July 31, 2014, surveys were emailed to professional colleagues of Committee members, State Bar attorneys, staff and the former Presiding Judge of the State Bar Court.  These surveys, entitled "Ethical Violations Survey," purport to investigate character of the targeted persons and include lewd and obscene questions about their conduct.  The surveys originate from StateBarScandal@aol.com  and are to be returned to " danieldlc.com/state_bar/survey ".*

When I click on the link:  www.danieldlc.com/state_bar/survey  it takes me to a web page with the disclaimer (although it's more than a disclaimer as you will see).  I did not click past that page to enter the site so I don't know if there is an actual website/page beyond it. I thought it best to confer with you and Heather first.

On another note, I asked about the names/identities of the people who received the surveys as I figured you and Heather would want me to contact those persons on the chance we needed them as witnesses. Perhaps we can just use the State Bar staff who received the emails. But I don't know for sure who they are either. I may yet come across a list in this 3000 + page CBX file! I certainly won't contact anyone first without speaking with you.

I would want to ask them when they received the email, whether they still had the email and/or could retrieve it for me/us, whether they followed the link provided and reviewed the survey, etc.

Tom


Thomas Mills | Investigator
Office of Enforcement
The State Bar of California | 845 S. Figueroa St. | Los Angeles, CA 90017
(213) 765-1067 | Thomas.Mills@calbar.ca.gov

*This message may contain confidential information that may also be privileged. Unless you are the intended recipient or are authorized to receive information for the intended recipient, you may not use, copy, or disclouse the message in while or in part. If you have received this message in error, please advise the sender by reply e-mail and delete all copies of the messge. Thank you*

**From:** Mills, Thomas
**Sent:** Wednesday, January 21, 2015 9:24 AM
**To:** Brune, Robin; Abelson, Heather
**Cc:** Sermos, David
**Subject:** Delacruz - Found his Website - Your Input Needed

Team,

Please see the attached word document. This is a screen shot of Applicant's web page at www.danieldlc.com/state_bar/survey

I would like to enter the site and capture screen shots of whatever I find there. Should I do this?

Tom



**EXHIBIT B**



# THE STATE BAR OF CALIFORNIA

180 Howard Street, San Francisco, CA 94105-1617
845 S. Figueroa Street, Los Angeles, CA 90017-2515

Tel: (415) 538-2000
Tel: (213) 765-1000

June 9, 2016

Daniel Delacruz, Sr.
P.O. Box 1425
Salinas, CA 93902

Re:     *Claim of Daniel Delacruz*

Dear Mr. Delacruz,

Notice is hereby given that as of this date, the State Bar of California rejected the claim you presented to the State Bar of California, received in our office on June 3, 2016.

## WARNING

**SUBJECT TO CERTAIN EXCEPTIONS, YOU HAVE ONLY SIX (6) MONTHS FROM THE DATE THIS NOTICE WAS PERSONALLY DELIVERED OR DEPOSITED IN THE MAIL TO FILE A COURT ACTION ON THIS CLAIM. SEE GOVERNMENT CODE, SECTION 945.6**

You may seek the advice of an attorney of your choice in connection with this matter.  If you desire to consult an attorney, you should do so immediately.

Very truly yours,

Francisco Gomez
Claims Officer
State Bar of California

**EXHIBIT C**

Subj:    **California Public Records Act Request**
Date:    6/29/2015 9:02:43 A.M. Pacific Daylight Time
From:   DanielDLC@aol.com
To:     Debra.Lawson@calbar.ca.gov

State Bar of California
Attention: Debra Lawson

180 Howard St. 6th Floor
San Francisco, Ca. 94105
(415) 538-2303

Dear Debra Lawson;

      Pursuant to California Government Code Section 6250 et seq. a.k.a. California Public Records Act ("CPRA"), I am hereby making a formal request for you to provide the following documents related to Daniel Delacruz a.k.a. Daniel Delacruz Sr.:

1. Documents that are Bates stamped #920-#964, #970-#979, and #2541-#2542 from Case No. 11-M-17871-LMA in the Matter of Daniel Delacruz, Sr.;

2. State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Plaintiff submitted by James Sullivan between January 2010 and December 2014;

3. Email and other documented communications between the State Bar Committee of Bar Examiners and James Sullivan regarding Plaintiff from January 2010 through June 2015;

4. State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Plaintiff submitted by Richard Harray between January 2010 and December 2014;

5. Email and other documented communications between the State Bar Committee of Bar Examiners and Richard Harray regarding Plaintiff from January 2010 through June 2015;

6. State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Plaintiff submitted by Richard McLaughlin between January 2010 and December 2014;

7. Email and other documented communications between the State Bar Committee of Bar Examiners and Richard McLaughlin regarding Plaintiff from January 2010 through June 2015;

8. State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Plaintiff submitted by Carmen Ponce between January 2010 and December 2014;

9. Email and other documented communications between the State Bar Committee of Bar Examiners and Carmen Ponce regarding Plaintiff from January 2010 through June 2015;

10. Email and other documented communications between the State Bar Committee of Bar Examiners and Rick Antle regarding Plaintiff from January 2010 through June 2015;

11. Email and other documented communications between the State Bar Committee of Bar Examiners and Mike Antle regarding Plaintiff from

January 2010 through June 2015;

12.     Email and other documented communications between the State Bar Committee of Bar Examiners and Julie Culver regarding Plaintiff from January 2010 through June 2015;

13.     Email and other documented communications between the State Bar Committee of Bar Examiners and Stephanie Sayler regarding Plaintiff from January 2010 through June 2015;

14.     State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Plaintiff submitted by Joshua Sigal between January 2010 and December 2014;

15.     Email and other documented communications between the State Bar Committee of Bar Examiners and Joshua Sigal regarding Plaintiff from January 2010 through June 2015;

16.     State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Plaintiff submitted by Raquel Ramirez between January 2010 and December 2014;

17.     Email and other documented communications between the State Bar Committee of Bar Examiners and Raquel Ramirez regarding Plaintiff from January 2010 through June 2015;

18.     State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Plaintiff submitted by Robert Desnick between January 2010 and December 2014;

19.     Email and other documented communications between the State Bar Committee of Bar Examiners and Robert Desnick regarding Plaintiff from January 2010 through June 2015;

20.     State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Plaintiff submitted by Seymour Packman between January 2010 and December 2014;

21.     Email and other documented communications between the State Bar Committee of Bar Examiners and Seymour Packman regarding Plaintiff from January 2010 through June 2015;

22.     State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Plaintiff submitted by Frank Dice between January 2010 and December 2014;

23.     Email and other documented communications between the State Bar Committee of Bar Examiners and Frank Dice regarding Plaintiff from January 2010 through June 2015;

24.     State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Plaintiff submitted by Jevin Hernandez between January 2010 and December 2014;

25.     Email and other documented communications between the State Bar Committee of Bar Examiners and Jevin Hernandez regarding Plaintiff from January 2010 through December 2014;

26.     State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Plaintiff submitted by Phillip Crawford between January 2010 and December 2014;

27.    Email and other documented communications between the State Bar Committee of Bar Examiners and Phillip Crawford regarding Plaintiff from January 2010 through December 2014;

28.    Email and other documented communications between the State Bar Committee of Bar Examiners and Larry Sheingold, regarding Plaintiff from January 2010 through June 2015;

29.    Email and other documented communications between the State Bar Committee of Bar Examiners and Lisa Cummins, regarding Plaintiff from January 2010 through June 2015;

30.    Email and other documented communications between the State Bar Committee of Bar Examiners and Richard Frankel, regarding Plaintiff from January 2010 through June 2015;

31.    Email and other documented communications between the State Bar Committee of Bar Examiners and Sean McCoy, regarding Plaintiff from January 2010 through June 2015;

32.    Email and other documented communications between the State Bar Committee of Bar Examiners and Lucy Armendariz, regarding Plaintiff from January 2010 through June 2015;

Please note that a "CPRA request can cover anything the person making the request suspects the agency might have in its files." *Wilder v. Superior Court*, 66 Cal.App.4th 77, 79-80 (1998).

Additionally, please be advised that I am a member of a protected class of disabled American citizens pursuant to 42 U.S.C.A. §§12101, et seq. of the Americans with Disabilities Act and California Civil Code §§54 et seq. of the California Disabled Persons Act.

Thus, the State Bar must provide me with reasonable accommodations of allowing me to utilize email to conduct business in regards to the processing of my California Public Records Act request because I am a statutorily protected class member of disabled Americans. See *Lewis v. Humboldt Acquisition Corp., Inc.* (2012) 681 F.3d 312, 315-316 which held that defendants are not immune from liability using "same decision" defense through alternative motives since disabled plaintiffs are not required to show that disability was the sole or motivating factor in order to prevail under the Americans with Disabilities Act.

Because of my Fabry Disorder, I require enzyme replacement therapy on a regular recurring basis in order to prevent major organ failure and death. Such therapy requires me to be tethered to an infusion pump which also requires monitoring by both a doctor and nurse. Thus, it would be unreasonable for the State Bar to require me to utilize the postal service to conduct business in regards to my California Public Records Act request while tethered to an infusion pump with a doctor and nurse in tow.

Additionally, physical exertion as well as exposure to weather that is either too warm or too cold can trigger Fabry symptoms including burning pain in my extremities and fevers that can affect my ability to function relatively normal.

Thus, to require me to utilize the postal service to conduct business in regards to my California Public Records Act request especially when there is a reasonable alternative such as email - which the State Bar already has the infrastructure in place and thereby would not require expending any financial resources to retrofit the State Bar's buildings or offices – would be both unconscionable and unreasonable.

Moreover, attached you will find the State Bar's "Administrative Advisory No. 12-07" which specifically states in relevant part: "It is the policy of the State Bar to comply with the [Americans with Disabilities Act] and [state Fair Employment and Housing Act]…the State Bar Court will continue to address accommodation (sic) made in connection with the Court's docketed matters." Thus, it would behoove you to accommodate email to conduct business in regards to my California Public Records Act request.

Otherwise, both you and the State Bar can be subjected to severe legal penalties. Specifically, 42 U.S.C. §1981a(b) of the Americans with Disabilities Act allows for $300,000 in compensatory damages and $300,000 in punitive damages for each violation against each defendant, including yourself.

Additionally, California Civil Code §§51 et seq. allows for treble damages and both Americans with Disabilities Act and California Civil Code §54.3 allows for recovery of attorneys fees and costs. See also California Civil Code §54 subdivision (c) of the California Disabled Persons Act which reads, "A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section."

Furthermore, should you refuse to accommodate my reasonable request unless I provide proof of my Fabry Disease, which is a disorder that is caused by a genetic defect, such a requirement will be a violation of the Genetic Information Nondiscrimination Act of 2008.

As such, because of my disability, I am hereby reasonably requesting that the State Bar utilize email to conduct business in regards to the processing of my California Public Records Act request.

Respectfully,
Daniel Delacruz
PO Box 1425
Salinas, Ca. 93902
(831) 754-1037

EXHIBIT D

Subj: **reasonable inquirey for Case No. 11-M-17871-LMA**
Date: 9/30/2015 7:54:21 A.M. Pacific Daylight Time
From: DanielDLC@aol.com
To: Danielle.Lee@calbar.ca.gov

September 30, 2015

Sent via email

The State Bar of California
Office of General Counsel
Attention: Danielle Lee, Assistant General Counsel
180 Howard Street
San Francisco, Ca. 94105
(415) 538-2517
Danielle.Lee@calbar.ca.gov

Dear Danielle Lee,

Pursuant to Rule 11 of the Federal Rules of Civil Procedure and per Judge Edward J. Davila's order dated September 29, 2015, I hereby submit my required reasonable inquiry for you to provide me as soon as possible the documents referenced below from Case No. 11-M-17871-LMA in the Matter of Daniel Delacruz, Sr. so that I may amend my complaint in the district court case no. CV-14-05336 EJD that is due by October 16, 2015.

1. Documents that are Bates stamped #920-#964, #970-#979, and #2541-#2542;


2. State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Plaintiff submitted by James Sullivan between January 2010 and May 2014;


3. State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Plaintiff submitted by Richard Harray between January 2010 and May 2014;


4. State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Plaintiff submitted by Carmen Ponce between January 2010 and May 2014;


5. State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Plaintiff submitted by Joshua Sigal between January 2010 and May 2014;


6. State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Plaintiff submitted by Raquel Ramirez between January 2010 and May 2014.


Respectfully,
/s/ Daniel Delacruz
PO Box 1425
Salinas, Ca. 93902
(831) 754-1037
Danieldlc@aol.com

**EXHIBIT E**



February 22, 2016

State Bar Court
Discipline Copies
845 S. Figueroa Street
Los Angeles, California 90017-2515

Dear Sir or Madam;

Pursuant to California Government Code Section 6250 et seq. a.k.a. California Public Records Act, I am hereby making a formal request for you to provide the following documents related to Case No. 11-M-17871-LMA in the Matter of Daniel Delacruz, Sr. a.k.a. Daniel Delacruz (hereinafter "Delacruz"):

1.      Documents that are Bates stamped #920-#964, #970-#979, and #2541-#2542;

2.      State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Delacruz submitted by James Sullivan between January 2010 and December 2014;

3.      Email and other documented communications between the State Bar Committee of Bar Examiners and James Sullivan regarding Delacruz from January 2010 through June 2015;

4.      State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Delacruz submitted by Richard Harray between January 2010 and December 2014;

5.      Email and other documented communications between the State Bar Committee of Bar Examiners and Richard Harray regarding Delacruz from January 2010 through June 2015;

6.      State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Delacruz submitted by Richard McLaughlin between January 2010 and December 2014;

7.      Email and other documented communications between the State Bar Committee of Bar Examiners and Richard McLaughlin regarding Delacruz from January 2010 through June 2015;

8.      State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Delacruz submitted by Carmen Ponce between January 2010 and December 2014;

9.      Email and other documented communications between the State Bar Committee of Bar Examiners and Carmen Ponce regarding Delacruz from January 2010 through June 2015;

10.     Email and other documented communications between the State Bar Committee of Bar Examiners and Rick Antle regarding Delacruz from January 2010 through June 2015;

Page 1 of 3

11.     Email and other documented communications between the State Bar Committee of Bar Examiners and Mike Antle regarding Delacruz from January 2010 through June 2015;

12.     Email and other documented communications between the State Bar Committee of Bar Examiners and Julie Culver regarding Delacruz from January 2010 through June 2015;

13.     Email and other documented communications between the State Bar Committee of Bar Examiners and Stephanie Sayler regarding Delacruz from January 2010 through June 2015;

14.     State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Delacruz submitted by Joshua Sigal between January 2010 and December 2014;

15.     Email and other documented communications between the State Bar Committee of Bar Examiners and Joshua Sigal regarding Delacruz from January 2010 through June 2015;

16.     State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Delacruz submitted by Raquel Ramirez between January 2010 and December 2014;

17.     Email and other documented communications between the State Bar Committee of Bar Examiners and Raquel Ramirez regarding Delacruz from January 2010 through June 2015;

18.     State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Delacruz submitted by Robert Desnick between January 2010 and December 2014;

19.     Email and other documented communications between the State Bar Committee of Bar Examiners and Robert Desnick regarding Delacruz from January 2010 through June 2015;

20.     State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Delacruz submitted by Seymour Packman between January 2010 and December 2014;

21.     Email and other documented communications between the State Bar Committee of Bar Examiners and Seymour Packman regarding Delacruz from January 2010 through June 2015;

22.     State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Delacruz submitted by Frank Dice between January 2010 and December 2014;

23.     Email and other documented communications between the State Bar Committee of Bar Examiners and Frank Dice regarding Delacruz from January 2010 through June 2015;

24.     State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Delacruz submitted by Jevin Hernandez between January 2010 and December 2014;

25.     Email and other documented communications between the State Bar Committee of Bar Examiners and Jevin Hernandez regarding Delacruz from January 2010 through December 2014;

26.     State Bar of California Committee of Bar Examiners Moral Character Questionnaire regarding Delacruz submitted by Phillip Crawford between January 2010 and December 2014;

27.     Email and other documented communications between the State Bar Committee of Bar Examiners and Phillip Crawford regarding Delacruz from January 2010 through December 2014;

28.     Email and other documented communications between the State Bar Committee of Bar Examiners and Larry Sheingold, regarding Delacruz from January 2010 through June 2015;

29.     Email and other documented communications between the State Bar Committee of Bar Examiners and Lisa Cummins, regarding Delacruz from January 2010 through June 2015;

30.     Email and other documented communications between the State Bar Committee of Bar Examiners and Richard Frankel, regarding Delacruz from January 2010 through June 2015;

31.     Email and other documented communications between the State Bar Committee of Bar Examiners and Sean McCoy, regarding Delacruz from January 2010 through June 2015;

32.     Email and other documented communications between the State Bar Committee of Bar Examiners and Lucy Armendariz, regarding Delacruz from January 2010 through June 2015;

Please note that a "[California Public Records Act] request can cover anything the person making the request suspects the agency might have in its files." *Wilder v. Superior Court*, 66 Cal.App.4th 77, 79-80 (1998).

Respectfully,

Daniel Delacruz
PO Box 1425
Salinas, Ca. 93902
(831) 754-1037

Page 3 of 3