**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| DANIEL DELACRUZ, SR.,<br><br>Plaintiff,<br><br>v.<br><br>THE STATE BAR OF CALIFORNIA, et al.,<br><br>Defendants. | Case No. 16-cv-06858-BLF<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF**<br><br>[Re: ECF 99] |

On March 12, 2018, the Court denied Plaintiff Daniel Delacruz, Sr.'s motion for relief[1] from the order striking the second amended complaint ("SAC"). Order Denying Mot. for Relief, ECF 96. Based upon Plaintiff's requested relief, the Court converted that motion to a motion for leave to file the SAC. *Id.* at 6; *see also* ECF 91. The Court denied the request for leave to file the SAC for lack of good cause pursuant to Federal Rule of Civil Procedure 16(b). Order Denying Mot. for Relief 9.

The same day, the Court granted without leave to amend Defendants the State Bar of California, Thomas Mills, Robin Brune, Heather Abelson, Mark Torres-Gil, and Tony Tse (the "State Bar Defendants") and Defendants Gordon Rees Scully Mansukhani, LLP, and Heather Irwin's (the "GRSM Defendants") motions to dismiss the first amended complaint ("FAC").[2] Order Granting Mots. to Dismiss, ECF 97. In that order, the Court denied Delacruz's request for a preliminary injunction. *Id.* at 30.

Before the Court is Delacruz's motion for partial relief from the Orders issued on March 12, 2018 pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6). Mot., ECF 99. The

---

[1] That motion was filed on January 22, 2018.
[2] The State Bar Defendants and the GRSM Defendants filed separate motions to dismiss.

State Bar Defendants oppose the motion. Opp'n, ECF 100. Pursuant to Civil Local Rule 7-1(b), the Court takes this matter under submission without oral argument. The hearing scheduled for August 30, 2018 is VACATED. For the reasons discussed below, Delacruz's motion is DENIED.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b)(1) provides that a court may relieve a party from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(6) also allows the court to provide relief for "any other reason that justifies relief." A party moving under Rule 60(b)(6) must show "extraordinary circumstances" justifying relief. *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (citing *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). "This very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved." *Id.* The moving party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002), *as amended on denial of reh'g and reh'g en banc* (Apr. 24, 2002) (citing *United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir. 1993)).

## II. DISCUSSION

Delacruz filed the instant motion pursuant to Rule 60(b)(1) and (6). Mot. 1. The Court addresses each ground raised in his motion below.

### A. Relief based on Equal Protection Rights

Under Rule 60(b)(6), Delacruz seeks relief from the Court's March 12, 2018 Order Denying Motion for Relief. Mot. 1. Delacruz argues that relief is warranted on the grounds that he has reciprocal equal protection rights under the California Public Records Act ("PRA") and 42 U.S.C. § 1981 "just as the [California] State Bar" obtained records from the California Department of Fair Employment and Housing through a PRA request. *Id.*; Reply 2, ECF 101. Delacruz also argues that he has reciprocal equal protection rights to enforce contracts against "Tanimura Antle, Inc., Mike Antle, and their respective agents."[3] Mot. 1–2. Based on his arguments, Delacruz

---

[3] Delacruz sought to add those proposed defendants as new parties in his SAC.

2

contends that "extraordinary circumstances" exist because "as a Latino, [Delacruz] is guaranteed the same reciprocal First Amendment rights as the State Bar and Proposed Defendants under the Fourteenth Amendment's Equal Protection Clause." *Id*. at 2. Delacruz asserts that his position is consistent with *Arizona Civil Liberties Union v. Dunham*, 112 F. Supp. 2d 927 (D. Ariz. 2000). *Id.* at 2–3. According to Delacruz, *Dunham* held that relief under Rule 60 is warranted where the moving party "felt that they were treated like second class citizens." *Id* at 4.

Delacruz has not shown that his reliance on the PRA and § 1981 establishes the existence of "extraordinary circumstances" required by Rule 60(b)(6). *Gonzalez*, 545 U.S. at 535. Delacruz provides no explanation how those statutes and his purported right to obtain records under the PRA have any bearing on the Court's order denying him leave to file the SAC. Insofar as Delacruz is concerned with claims based on § 1981 and the PRA, he pursued such claims in the FAC and those claims were dismissed. Order Granting Mots. to Dismiss 18–20.

Moreover, Delacruz's argument that he has equal protection rights to enforce contracts against his proposed new defendants, including Tanimura Antle, Inc. and Mike Antle, is unavailing. The mere fact that a party has the right to enforce a contract does not mean there are "extraordinary circumstances" that justify relief under Rule 60(b)(6). Also, the Court recognized that Delacruz's purported breach of contract claim was outside the scope of this case and that Delacruz may assert that claim in state court.[4] Order Denying Mot. for Relief 9. Accordingly, Delacruz has not demonstrated "injury and circumstances beyond his control" and the Court finds that he has failed to establish that relief is warranted under Rule 60(b)(6). *Cmty. Dental Servs.*, 282 F.3d at 1168.

Delacruz cites *Dunham*, which he has already relied on as a basis for his January 22, 2018 motion for relief. As the State Bar Defendants point out (Opp'n 3), this Court determined that *Dunham* is inapplicable. Order Denying Mot. for Relief 5. In *Dunham*, the court vacated its prior order granting a motion to dismiss after reconsidering the issue of whether the plaintiffs suffered injury and had standing to sue. 112 F. Supp. 2d at 928–29. In contrast, the issue pertaining to

---

[4] The Court made no determination whether the breach of contract claim would be timely under the applicable statute of limitations. Order Denying Mot. for Relief 9.

3

Delacruz's request for relief does not concern whether Delacruz suffered injury sufficient to support this action. Order Denying Mot. for Relief 5. Rather, the Court's Order Denying Motion for Relief concerned only whether Delacruz properly filed the SAC under the Federal Rules Civil Procedure. *Id.* As such, the Court concludes that Delacruz's reliance on *Dunham* does not satisfy his burden to show "extraordinary circumstances" that warrant relief under Rule 60(b)(6).

### B. Relief from the Dismissal of State Causes of Action

Delacruz challenges the Court's order dismissing his state law claim in the FAC. Mot. 3–4; Reply 6. Delacruz argues that this Court has jurisdiction over "state causes of action" on the grounds that the Court "has jurisdiction over the federal statute of 42 U.S.C. § 1981 under 28 U.S.C. § 1331." Mot. 4. It is unclear whether Delacruz's argument is based on Rule 60(b)(1) or (6). In any case, his argument fails. A district court "may decline to exercise supplemental jurisdiction over a claim . . . if [it] has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). As the State Bar Defendants point out (Opp'n 4), the Court dismissed all federal claims in the FAC without leave to amend. The Court thus properly exercised its discretion to dismiss without prejudice any state law claim in the FAC. Delacruz has not shown a "mistake" or "extraordinary circumstances" that support his position that relief is permitted under Rule 60(b)(1) or (6).

### C. Relief based on Judicial Economy

Delacruz argues that relief is justified under Rule 60(b)(6) on the grounds that "this Court expressed the desire for [Delacruz] to avoid 'continued litigation of claims that he has pursued in other proceedings.'" Mot. 4 (quoting Order Granting Mots. to Dismiss 30); Reply 1–2. In the quoted portion of the order, the Court was stating that the fact that Delacruz continued to litigate claims that he had already pursued in other proceedings shows that he brought claims in the FAC without good faith. *See* Order Granting Mots. to Dismiss 30. That statement does not reflect any "extraordinary circumstances" in this case.

Moreover, the Court is unpersuaded by Delacruz's argument that judicial economy justifies relief. Delacruz neither points to any authority that bolsters his contention nor establishes that the consideration of judicial economy supports a showing of "extraordinary circumstances"

4

required under Rule 60(b)(6). While Delacruz argues that this Court's rulings "will likely be reversed" on appeal (*see* Reply 1), he does not cite any case holding that the mere possibility of reversal warrants relief.

### D. Relief from the Court's Ruling that Delacruz has not shown Good Cause

Delacruz argues that the Court mistakenly ruled that he was required to show good cause to obtain leave to file the SAC. Mot. 4. Because he argues that the Court made a mistake, Delacruz seeks relief pursuant to Rule 60(b)(1).

First, Delacruz asserts that "the SAC was timely filed . . . three days prior to the deadline" set forth by the Court to "join parties and amend pleadings." *Id.* According to Delacruz, the Court admitted that he "filed his SAC within the time limit set by the Court." *Id.* Delacruz claims that the Court contradicted its own ruling by stating that Delacruz's filing of the SAC violated Rule 15 because it also cited *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992), which discusses Rule 16's "good cause" standard. Mot. 4. Delacruz then argues that the Court should not have applied the "good cause" standard. *Id.* at 5.

Delacruz is incorrect that the Court contradicted its own ruling or should not have relied on the "good cause" standard. As stated in the prior order, the "good cause" standard under Rule 16 applies if a party moves for leave to amend the pleadings *after* the time limit allowed by the scheduling order. Order Denying Mot. for Relief 3. On the other hand, if the party seeks to file an amended pleading *before* the allowed time limit, only the requirements set forth in Rule 15 apply. Here, the Court found that Delacruz's filing of the SAC three days before the deadline to amend pleadings violated Rule 15 because he failed to obtain consent of the parties or seek leave of the court. *Id.* at 3–6. As such, the Court concluded that the SAC was improperly filed even though it was submitted before the deadline and thus it was properly stricken. *Id.* The Court then considered Delacruz's January 22, 2018 motion for relief from the order striking the SAC as a request for leave to file the SAC. *Id.* at 6. Because that motion was filed after the deadline to amend pleadings (i.e., October 23, 2017), the Court properly applied the "good cause" standard under Rule 16. *Johnson*, 975 F.2d at 609.

Second, Delacruz contends that "there is no undue delay because it was impossible for

5

[him] to have known back in 1999 that the proposed defendants would breach the contract from May of 2014 through April of 2015." Mot. 5. This argument was presented in Delacruz's reply brief in support of his January 22, 2018 motion for relief. *See* ECF 95 at 3–5. The Court agreed with Delacruz's argument that he would not have known about the SAC's factual allegations concerning his breach of contract claim in 1999 because the purported events did not occur until 2014–2015. Order Denying Mot. for Relief 7. Nevertheless, the Court found that Delacruz failed to show diligence in bringing his new cause of action as required by Rule 16's "good cause" standard. *Id.* at 7–8. Among other reasons, the Court noted that Delacruz provided no explanation why he waited a significant period after April 2015 before seeking to amend the complaint to pursue his breach of contract claim. *Id.* at 8. Here, Delacruz does not point to any reason why the Court's finding of lack of diligence was a "mistake." Fed. R. Civ. P. 60(b)(1). The Court therefore rejects Delacruz's "undue delay" argument.

Third, Delacruz asserts that the statute of limitations for breach of contract is four years. Mot. 7. Delacruz argues that his breach of contract claim was timely filed under the relation back doctrine because he filed a lawsuit on December 4, 2014. *Id.* at 8. However, the issue previously presented to the Court was whether Delacruz had "good cause" to amend the first amended complaint in order to plead his breach of contract claim. Whether the relation back doctrine applies would have become an issue only if Delacruz had properly brought his breach of contract claim pursuant to Rule 16. The Court, however, found that he had not done so. *See generally* Order Denying Mot. for Relief.

Fourth, Delacruz argues that the Court improperly relied on *Foman v. Davis*, 371 U.S. 178 (1962) because "*Foman* deals with leave to amend under . . . Rule 15(a)." Mot. 8 (citing Order Granting Mots. to Dismiss 28). However, Delacruz's argument regarding *Foman* is irrelevant to whether the Court made a mistake in denying his January 22, 2018 motion for relief pertaining to the SAC. When the Court was considering *Foman*, it was determining whether Delacruz should be granted leave to amend the dismissed claims in the FAC as opposed to the new breach of contract claim proposed in the SAC. Order Granting Mots. to Dismiss 28–30. Therefore, the Court's reliance on *Foman* has no bearing on Delacruz's challenge to the Order Denying Motion

6

for Relief.

Delacruz also contends that the Court cited *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992) but that case does not deal with "amended pleadings filed *within* the court's scheduling order." Mot. 8 (emphasis in original). However, as explained above, Delacruz's October 20, 2017 filing of the SAC was improper because he did not obtain consent of the parties or leave of the court, and thus the SAC was correctly stricken. As such, the Court deemed his January 22, 2018 motion for relief as a request for leave to file the SAC, which was submitted after the deadline to amend pleadings. Therefore, *Johnson* is applicable.

In addition, Delacruz argues that the Court contradicts itself by (1) stating that Delacruz acted without good faith as reflected in his "continued litigation of claims that he has pursued in other proceedings," Mot. 8 (citing Order Granting Mots. to Dismiss 30), while (2) encouraging him to pursue the breach of contract claim in state court, *id.* (citing Order Denying Mot. for Relief 9). The Court disagrees. In the Order Granting Motions to Dismiss, the Court found that Delacruz's repeated litigation of the FAC's claims in numerous proceedings reflected the lack of good faith. In contrast, in the Order Denying Motion for Relief, the Court addressed Delacruz's purported breach of contract claim which was not alleged in the FAC. As such, the Court was addressing different claims in the two orders and there is no inconsistency between the Court's rulings.

Accordingly, Delacruz has not shown any "mistake" that warrants relief under Rule 60(b)(1) from the Court's decision that he lacked "good cause" to be granted leave to file the SAC. To the extent that Delacruz relies on Rule 60(b)(6), he has not shown "extraordinary circumstances" that justify relief. *Gonzalez*, 545 U.S. at 535.

### E. Pro Se Pleadings

Delacruz argues that he is unlicensed to practice law and that courts must construe pro se pleadings liberally. Mot. 10. However, the fact that Delacruz is a pro se party does not relieve him of the requirements set forth in Rule 60 to obtain relief from a court's order.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Delacruz has not shown that he is

7

entitled to relief from the Court's Order Denying Motion for Relief (ECF 96) and Order Granting Motions to Dismiss (ECF 97). Delacruz's motion for partial relief from those Orders is DENIED.

**IT IS SO ORDERED.**

Dated: August 13, 2018

_____
BETH LABSON FREEMAN
United States District Judge